IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No. 04 11317 NG

| | |
|---|---|
| ELAINE BUCHANAN,<br>Plaintiff<br><br>v.<br><br>INTERSTATE ELECTRICAL<br>SERVICES and<br>STEPHEN D'AMICO,<br>Defendants | COMPLAINT AND DEMAND<br>FOR TRIAL BY JURY<br><br>RECEIPT # 56575<br>AMOUNT $ 150<br>SUMMONS ISSUED<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK<br>DATE |

## I.
## JURISDICTION

This claim arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq., a Federal statute. As the disposition of this case requires the application of a Federal statute, this Honorable Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331. See also 1610 Corp. v. Kemp, 753 F.Supp. 1026 (D.Mass., 1991).

## II.
## THE PARTIES

1. Elaine Buchanan ("Buchanan") is an individual residing at 7 Pichowicz Road, Billerica, Commonwealth of Massachusetts.

2. Interstate Electrical Services ("Interstate") is a corporation in accordance with the Laws of the Commonwealth of Massachusetts with its principal office and place of business at 70 Treble Cove Road, North Billerica, Commonwealth of Massachusetts.

3. Stephen D'Amico ("D'Amico") is an individual employed by Interstate with the position/title of Shop Manager. D'Amico was, at all times material herein, Buchanan's direct supervisor.

## III.
## THE FACTS

4. Plaintiff began working for Interstate as a part-time receptionist on October 1, 2001.

5. Plaintiff was interviewed and hired for the position by Edward Zinck, human resources manager at Interstate ("Zinck"). Plaintiff accepted the position on condition that she be permitted to work "Mother's Hours", i.e., 8:30AM to 2:30PM, Monday through Friday. She worked an average of approximately 27.5 hours per week.

6. A further condition of Plaintiff's employment was that she would be permitted to leave work early on certain occasions to care for her children in the event they were ill or if they were released from school.

7. Plaintiff's performance reviews confirm that she consistently performed her job duties well, and was frequently willing to work extra hours. Plaintiff was granted several raises during her employment based on her well recognized job contributions and continued sound performance.

8. On or about April 3, 2002, Plaintiff was transferred to the Mass Construction division as a personal secretary to the Shop Manager, Defendant D'Amico.

D'Amico was informed of Plaintiff's agreed-upon work schedule and "Mother's Hours" arrangement.

9. In January, 2003, Plaintiff was obligated to take leave time on two (2) occasions in order to pick up her minor child, Nick, from school. On January 21, 2003 the school nurse informed Plaintiff that Nick was having trouble breathing, and on January 27 and 28, Buchanan took additional time to care for him and to take him to see his treating physician. This leave is FMLA qualifying leave.

10. In February, 2003, Nick was diagnosed with asthma. Plaintiff informed Defendants of this fact. She took additional leave throughout the year to care for Nick when necessary.

11. Plaintiff took eight (8) weeks of qualified FMLA leave beginning April 15, 2003, to address a serious medical problem she was experiencing. Buchanan required major surgery. Interstate recognized this leave as qualified FMLA leave. Following this eight (8) week period, the Plaintiff was entitled to four (4) remaining weeks of FMLA leave before April 14, 2004.

12. It is noteworthy that Plaintiff's October 1, 2003 work performance review provided that she was a satisfactory worker, however, it set forth, in pertinent part, that she "[t]akes time off sometimes when needed the most. For children, sick, etc."

13. On October 20, 2003, Nick's condition deteriorated and his asthma symptoms worsened. Plaintiff was obligated to take him to the pediatrician and she took steps to notify her employer, Interstate, immediately. She telephoned D'Amico at 7:00 A.M., but he was away from his telephone. Plaintiff spoke with Michael

Ciulla, who indicated that he would relay to D'Amico that Plaintiff would be unable to come to work that day due to her son's asthma related illness.

14. At 8:45 A.M., D'Amico telephoned Plaintiff at her home. He was palpably irritated and said "Elaine, you're out again today, huh?" Plaintiff replied that her son was not feeling well and that she may have to take him to the doctor due to his asthma. D'Amico responded: "Yeah, well don't bother coming in tomorrow then either."

15. On October 21, 2003 Plaintiff was originally scheduled to work half the day but due to her effective 'suspension' by D'Amico, she was precluded from working.

16. Upon Buchanan's return to work on October 22, 2003, she inquired whether D'Amico understood her longstanding attendance arrangement with Interstate. D'Amico stated that he did not believe that the agreement permitted Plaintiff to take time off to care for her son.

17. Soon thereafter, Plaintiff reported the aforementioned illegal and inappropriate conduct and her exchanges with D'Amico to Zinck and Al Tiezzi (Vice President of Construction Division at Interstate). Frustrated by the situation, Tiezzi eventually informed Plaintiff that he did not have time for her, instructed her to go home and to wait for a telephone call from him.

18. Plaintiff and Zinck left Tiezzi's office and continued to discuss this issue. Plaintiff informed Zinck that due to D'Amico's repeated criticisms and retribution against her for taking time off to care for her ill son, it was unreasonable to expect her to continue working for D'Amico. Plaintiff asked to be transferred to a

different department within Interstate. Zinck informed Plaintiff that there were no other positions available for her.

19. Plaintiff was not formally contacted again and she was later informed that the company considered her to have resigned. In reality, Buchanan was suspended and ultimately terminated because of, and in retaliation for, having taken qualified leave to care for an ill family member. Furthermore, Plaintiff was discharged as a result of Interstate's unwillingness to provide her with a transfer or an alternative position free from retaliation and harassment caused by absences to care for an ill child. Finally, the company did not wish to afford Plaintiff with additional future qualifying leave.

20. In its decision issued March 1, 2004, the Massachusetts Division of Employment and Training found that the Plaintiff "did not initiate her own separation or quit her job." Furthermore, the DET held that, despite Interstate's contention that the Plaintiff terminated her employment, Interstate, in fact, initiated the separation without informing Buchanan.

## IV.
## COUNTS

### COUNT ONE
### VIOLATION OF FAMILY MEDICAL LEAVE ACT
### Buchanan v. Interstate Electrical Services and D'Amico

21. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

22. Interstate is a private sector employer that provides electrical and specialty

contractor services to construction companies. In the applicable calendar year, Interstate employed over 50 employees for at least 20 work weeks and is engaged in an activity affecting Interstate commerce. Interstate is an employer under the FMLA and is subject to its provisions.

23. Defendant, D'Amico, is an agent, servant and/or employee of Interstate and his actions, omissions and /or violations are imputed upon Interstate.

24. Plaintiff has worked for Interstate for over 12 months and for more than 1,250 hours from April 15, 2002, to April 14, 2003, the applicable time period for FMLA purposes.

25. Plaintiff is an eligible employee under 29 USC §§2601 given that both she and her son have conditions which constitute serious health problems.

26. Plaintiff was entitled to take reasonable FMLA leave, not to exceed a total of 12 work weeks of leave during any 12 month period, for the care of Plaintiff's minor child, Nick, aged 12 years, who suffers from asthma, a serious health condition. Following her eight (8) weeks of leave beginning on April 15, 2002, the Plaintiff had an additional four (4) weeks of leave remaining and available.

27. Interstate and D'Amico interfered with the Plaintiff's exercise of her FMLA right to take reasonable leave to care for her child who experienced a serious health condition. By compelling her to take time off in retaliation for her having taken such leave, Interstate and D'Amico violated the FMLA. Furthermore, Buchanan was effectively and constructively terminated when she appealed to the appropriate company management personnel for assistance in addressing the problem but was instructed to go home.

28. Defendant's actions constitute and interfered with Plaintiff's FMLA rights, amount to discrimination under the Act and/or a violation of 29 USC §2611. As a result there from, the Plaintiff suffered injuries, including emotional distress, lost earnings, attorney's fees, costs and other expenses.

## COUNT TWO
### RETALIATION FOR ASSERTING A PROTECTED RIGHT
**Buchanan v. Interstate Electrical Services and D'Amico**

29. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

30. Plaintiff's child, Nick, required regular asthma treatment under the supervision of a health care provider.

31. Not only was Plaintiff permitted to take leave under an explicit agreement with her employer, but she is entitled to such leave under the provisions of the FMLA.

32. Plaintiff informed Defendants that her minor child experienced a serious health condition and that she required time to care for him.

33. Plaintiff was nonetheless reprimanded for taking time off to care for her ill child, including when Defendant D'Amico "punished" her by instructing her not to come in to work the day after she took Nick to the doctor. In addition to her eventual termination, this was clearly in retaliation for Plaintiff's having taken qualified leave, which D'Amico treated as an unexcused absence. Said termination was a result of Plaintiff's and her complaints of mistreatment to management.

34. Furthermore, Interstate's failure to protect Plaintiff, provide her with a transfer or to otherwise afford her appropriate leave under the FMLA, was in violation of the FMLA. Finally her complaints that her rights were being violated were the direct cause of Plaintiff's termination, on or about October 22, 2003.

35. As a result of the Defendant's actions, the Plaintiff has suffered injuries, including emotional distress, lost earnings, attorney's fees, costs and other expenses.

## COUNT THREE
## PROMISORY ESTOPPEL/DETRIMENTAL RELIANCE/BREACH OF CONTRACT
### Buchanan v. Interstate Electrical Services and D'Amico

36. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

37. The Plaintiff and her employer, Interstate, explicitly agreed as a term of her employment that Buchanan would be permitted to leave work on occasion to care for her children in the case of illness or to pick them up from school. The Defendants knew, or should have reasonably expected, that this agreement would lead Buchanan to take leave to attend to her ill son.

38. Defendant D'Amico knew about this agreement and expressed his approval of it at the time of Buchanan's transfer to his department.

39. The Plaintiff relied upon this agreement when she notified the Defendants of her need for leave on the morning of October 20, 2003.

40. The Defendants breached their express agreement with the Plaintiff by refusing to permit Buchanan qualified leave to take her son to the doctor on October 20,

                Respectfully Submitted,
Elaine Buchanan,
By her attorney,

Dated: June 11, 2004

_____
David E. Belfort, Esquire
BBO # 6343854
Corrigan Bennett & Belfort, P.C.
One Kendall Square
Building 300, 2nd Floor
Cambridge, MA 02139
(617) 577-8800

c:\dave\clients\buchanan, elaine\civilcomplaint.doc

(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Elaine Buchanan

## DEFENDANTS
Interstate Electrical Services

(b) County of Residence of First Listed Plaintiff   Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David E. Belfort, Corrigan Bennett & Belfort
1 Kendall Sq, Bldg. 300, 2nd Fl, Cambridge
MA 02139  (617) 577-8800

Attorneys (If Known)   Carol Chandler, Esq.

04 11317 NG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment FMLA | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | | ☐ 871 IRS Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions FMLA |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This case arises under the Family and Medical Leave Act, 29 USC §§2601 et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: June 11, 2004

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Buchanan v. Interstate Electrical Services_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  David E. Belfort, Esq., Corrigan, Bennett & Belfort, PC
ADDRESS  One Kendall Sq, Bldg. 300, 2nd Floor, Cambridge, MA 02139
TELEPHONE NO.  (617) 577-8800

(Coversheetlocal.wpd - 10/17/02)